## In re Dan S. ARNOLD.

Court of Appeals of Kentucky.

March 4, 1955.

No attorneys appeared of record on either side.

PER CURIAM.

The Board of Bar Commissioners of Kentucky State Bar Association filed two complaints against Dan S. Arnold, of Bardstown. The first charged him with being guilty of unprofessional and unethical conduct as a practicing attorney. It averred he represented to Juanita June Sharp he had procured a divorce judgment for her, presented her with what purported to be a copy of the judgment signed by the presiding judge of the Nelson Circuit Court, Hon. William R. Gentry, and collected the balance due from her on his fee. In fact the case had not been submitted to Judge Gentry and he had not entered judgment therein, nor had he signed the purported copy of the judgment respondent handed Mrs. Sharp.

The second complaint charged that five indictments had been returned at the October 1952 term of the Nelson Circuit Court charging Arnold with uttering forged checks in various amounts.

Respondent fled the country and Hon. J. Jerald Johnston was named as warning order attorney. Mr. Johnston reported he was unable to locate respondent and asked that the matter of disbarment be continued until Arnold personally could be brought before the court, as his conduct raised a serious question as to Arnold's sanity. The Trial Committee refused to grant the continuance.

Subsequently, Arnold reappeared in Bardstown and on October 15, 1953, filed a pleading acknowledging receipt of copy of the charges filed against him by the Kentucky Bar Association and "respondent enters his appearance in this matter for all purposes and declines to plead or answer said charges and specifically waives any notice of hearing of further action in the matter and states he does not desire to contest said charges".

The Trial Committee found respondent guilty as charged and recommended to the Board of Bar Commissioners that he be disbarred from the practice of law in Kentucky. The Board unanimously accepted the report of the Committee and recommended to this court that Arnold be disbarred from the practice of law in this state.

In due time this court issued a rule against Arnold in accordance with RCA 3.450 to show cause, if any he could, within twenty days why the recommendation of the Board should not be enforced. Arnold made no response to the rule within twenty days, or at all, after it was served upon him.

It is now adjudged the rule be made absolute and the report of the Board be confirmed. An order will be entered disbarring Dan S. Arnold from the practice of law in the state of Kentucky.